# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0109V
UNPUBLISHED

| | |
|---|---|
| EVA GORDON,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: December 23, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for Petitioner.

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC,* for Respondent.

## RULING ON ENTITLEMENT[1]

On January 31, 2020, Eva Gordon filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine received in her right shoulder on October 6, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 5, 2022, I issued Findings of Fact in which I determined that "the vaccination alleged as causal in this case was more likely than not administered to Petitioner in the right arm/shoulder on October 6, 2018." ECF No. 37 at 6. In reaction, on November 14, 2022, Respondent filed an Amended Rule 4(c) Report stating that (while

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

preserving his right to appeal the October 5, 2022 Fact Finding) he agrees that petitioner suffered SIRVA as defined by the Vaccine Injury Table. Respondent's Rule 4(c) Report at 4.

      Specifically, Respondent stated as follows:

In light of the Court's fact finding and the medical records submitted in this case, [the Secretary has] concluded that petitioner suffered SIRVA as defined by the Vaccine Injury Table . . . Therefore, based on the record as it now stands and subject to his right to appeal the Court's Findings of Fact, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act."

*Id.* at 4-5

      **In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

      **IT IS SO ORDERED.**

                                                             **s/Brian H. Corcoran**
                                                             Brian H. Corcoran
                                                             Chief Special Master