# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0109V
UNPUBLISHED

| | |
|---|---|
| EVA GORDON,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | Chief Special Master Corcoran<br><br>Filed: February 8, 2023<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for Petitioner.

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC,* for Respondent.

**DECISION AWARDING DAMAGES**[1]

On January 31, 2020, Eva Gordon filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine that was administered on October 6, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 23, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On February 7, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $62,500.00. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $62,500.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

### IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| EVA GORDON,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | No. 20-109V (ECF)<br>Chief Special Master Corcoran |

### **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On January 31, 2020, Eva Gordon ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as a result of an influenza ("flu") vaccine administered to her on October 6, 2018. Petition, ECF No. 1, at 1.

On November 14, 2022, the Secretary of Health and Human Services ("respondent") filed an Amended Vaccine Rule 4(c) Report advising that, in light of the medical records submitted in this case and the Court's finding that petitioner received the flu vaccine in her right arm, respondent did not dispute that petitioner had satisfied all legal prerequisites for compensation under the Vaccine Act. Amended Rule 4(c) Report, ECF No. 40, at 4-5. On December 23,

2022, the Court issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation.[1] ECF No. 42.

## I. Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $62,500.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[2] a lump sum payment of $62,500.00, in the form of a check payable to petitioner.

## III. Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Eva Gordon:  **$62,500.00**

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Court issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Court's December 23, 2022 entitlement decision.

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

s/Sarah B. Rifkin
SARAH B. RIFKIN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-5997
Sarah.Rifkin@usdoj.gov

Dated: February 7, 2023