# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0109V
(not to be published)

| | |
|---|---|
| EVA GORDON,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 30, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for Petitioner.

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 31, 2020, Eva Gordon filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine that was administered on October 6, 2018. Petition at 1. On February 8, 2023, I issued a decision awarding compensation to Petitioner, based on Respondent's proffer. ECF No. 47.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $23,598.01 (representing $22,709.80 in fees and $888.21 in costs). Petitioner's

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Application for Attorneys' Fees and Costs, May 11, 2023, ECF No. 52. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 52-4.

Respondent reacted to the motion on May 19, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at my discretion. Response to Motion at 2-3, 3 n.2, ECF No. 53. Petitioner did not file a reply thereafter.

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. ECF No. 52-2. Petitioner has requested the same hourly rates for 2023 as were routinely awarded to his firm in 2022, as follows: $520 for work performed by Jeffrey Pop, $410 for work performed by Kristina Grigorian, and $385 for work performed by Alexandra Pop. *Id.* at 2, 13-14. Additionally, Petitioner requests an hourly rate of $165 for work performed by law clerks in 2023. *Id.* I find these hourly rates to be reasonable, and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred).

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 52-3. And Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$23,598.01 (representing $22,709.80 in fees and $888.21 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                            **s/Brian H. Corcoran**
                                                            Brian H. Corcoran
                                                            Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.